Blair v. Deep et. al., No. 5-1-13 Bncv (Wesley, J. Mar. 5, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 5-1-13 Bncv** |

| | |
|---|---|
| **Patricia and Randy Blair,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Michael Deep and North Brach Street**<br>**Realty Trust,**<br>**Defendants.** | |

### Decision and Order Denying Defendant's Motion for Reconsideration

Plaintiffs were tenants of Defendants. Plaintiffs sue Defendants for wrongful eviction and related causes of action. This case is set for a jury trial on April 1, 2014.  By a stipulated scheduled filed on October 14, 2013, the parties agreed to provide all written discovery by December 1, 2013 and file all pretrial motions by February 1, 2014.  On February 26, 2014, the Court granted a motion to compel discovery filed by Plaintiffs on January 23, 2014.  At the time, Defendants had not responded to the motion to compel other than by a filing a brief letter indicating they supplemented their initial disclosures.

On March 5, 2014, Defendants filed a motion to reconsider the order granting Plaintiff's motion to compel.  Defendants moved for reconsideration under V.R.C.P. 60(b)(1),(6). Defendants argued the Court misinterpreted their responses about why certain information was privileged and that their second round of discovery provides the relevant and non-privileged information.

The Court first addresses the procedural posture of Defendants' requests.  V.R.C.P. 60 allows for relief from judgment. A party seeking relief under V.R.C.P. 60(b) must be able to point to a final judgment or final order. *See 11 Fed. Prac. & Proc. Civ. § 2851 (3d ed.)*. In this case, the Court's discovery ruling is not a final judgment; therefore, Defendants may not seek relief from the discovery order under V.R.C.P. 60.

Nevertheless, parties may seek reconsideration of an order. *See In re SP Land Co., LLC*, 2011 VT 104, ¶ 16, 190 Vt. 418; *Brislin v. Wilton*, No. 2009-236, 2010 WL 712556, *3 (Vt. Feb. 2010). The Court may reconsider its rulings where a party shows a manifest error of fact or law. *See Brislin*, 2010 WL 712556, *3.  In this motion, the Court declines to reconsider its February 26, 2014 order because Defendants cannot show a manifest error. Instead, Defendants seek to further explain their earlier responses to Plaintiffs' interrogatories.  If Defendants wanted to point out any disagreements they had with Plaintiffs' motion, then they should have responded to the motion.  Moreover, Defendants statements remain vague and their answers do not address all of the concerns the Court described in its February 26, 2014 order.  Accordingly, the Court will not modify its February 26, 2014 order.

**<u>Order</u>**

The Court **DENIES** Defendant's motion for reconsideration.

Dated at Bennington, Vermont on March 5, 2014.

John P. Wesley
Superior Court Judge